
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTHONY J. PHILLIPS, Sr., | No.  22-55113 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-04673-MCS-SHK |
| v. | |
| D. MELO TREJOS, Correctional Officer, individual, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Mark C. Scarsi, District Judge, Presiding

Submitted March 15, 2023**
San Francisco, California

Before:  WALLACE, FERNANDEZ, and SILVERMAN, Circuit Judges.

Anthony Phillips appeals pro se from the district court's summary judgment

in favor of Defendant D. Melo Trejos in his 42 U.S.C. § 1983 civil rights action

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

alleging excessive force in violation of the Eighth Amendment. We review de novo,[1] and we affirm.

The district court correctly determined that there was no genuine dispute of material fact that Trejos did not use excessive force when he deployed a sponge round from a forty millimeter launcher to break up a fight between Phillips and another inmate. The evidence before the district court showed that Trejos did not act maliciously or sadistically. *See Simmons v. Arnett*, 47 F.4th 927, 932–33 & n.1 (9th Cir. 2022); *see also* U.S. Const. amend. VIII; *Whitley v. Albers*, 475 U.S. 312, 318–26, 106 S. Ct. 1078, 1083–87, 89 L. Ed. 2d 251 (1986).

The district court also correctly determined that Phillips failed to identify a violation of a "clearly established right" that would defeat Trejos's defense of qualified immunity. *See Mullenix v. Luna*, 577 U.S. 7, 11–12, 136 S. Ct. 305, 308, 193 L. Ed. 2d 255 (2015) (per curiam).

Phillips's argument that Trejos was estopped from asserting a qualified immunity defense on summary judgment after asserting the defense at the motion to dismiss stage has no merit. *See Behrens v. Pelletier*, 516 U.S. 299, 306, 116 S. Ct. 834, 839, 133 L. Ed. 2d 773 (1996).

**AFFIRMED.**

---

[1] *Hughes v. Rodriguez*, 31 F.4th 1211, 1218 (9th Cir. 2022).

22-55113